UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LEWIS ROSS BROWN, III, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL REGAN <br> *US EPA, EPA Administrator*, <br><br> Defendant. | Civil Action No. 21-cv-2565 (TSC) <br> Civil Action No. 21-cv-3013 (TSC) |

## MEMORANDUM OPINION

Plaintiff Lewis Ross Brown, III sued the U.S. Environmental Protection Agency ("EPA"), alleging employment discrimination and retaliation for engaging in protected activity. EPA has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 16. For the reasons explained below, Defendant's motion will be GRANTED.

**I. BACKGROUND**

**A. Factual Allegations and Claims**

Plaintiff worked at EPA as an Environmental Biologist from 2007 to September 2019, when he was terminated. Def.'s Mem., ECF No. 16 at 7. The alleged discriminatory acts occurred between July 2013 and June 26, 2019. Compl., ECF No. 1 at 4.

In his complaint, filed on September 30, 2021, Plaintiff alleges the following:

> I was treated very nasty and very differently by the First Line Supervisor of ERB-1 Sujatha Sankula and by then EFED Division Director Marietta E. Echeverria. I did not receive the same training opportunities as others in EFED and the

1

> comments/edits that were made on the Ecological Risk Assessments that I did do was nothing short of discriminative and very retaliatory to say the least. I [was] barred from attending staff meetings and I did not have generals to discuss workloads with the Branch Supervisor or the Director because all my work was taken away from me by Ms. Sankula. The Discrimination spilled over to my sons because they were prevented from attending the EPA Annual Bring your Children to Workday by alleging canceling the event.

*Id*. at 5. Plaintiff seeks "$300,000 for mental anguish and physical harm that he [ ] endured from 2013-2019" while employed at EPA. Brief Mem., ECF No. 1-2.

In an amended complaint filed on January 22, 2022, in the consolidated case,[1] Plaintiff states:

> The Plaintiff/Complainant wants to make it abundantly clear and transparent that the Civil Suit of Brown v. Echeveria-Burkes is against the defendant and the agency, US EPA, Office of Pesticides Programs. . . . Despite the fact that the plaintiff/complainant resides in Virginia and the defendant resides in Maryland, the actions of discrimination, retaliation, blacklisting, and spreading false and misleading information as to why the defendant was removed from the agency to other agencies originated in Washington, DC. Since the defendant and her team which verbally attacked and slandered/defamed the character of plaintiff/complainant all are employees with the US EPA, the plaintiff/complainant is holding the employee, her team members, and the US EPA responsible for their actions which caused a very hostile, retaliatory, racially discriminative, microaggressive work environment.

*Brown v. Echeveria-Burkes*, No. 21-cv-3013, ECF No. 4 at 1. Plaintiff alleges that he has "suffer[ed] from low-self-esteem" and "inter-relationship problems," for which he seeks to hold "the defendant and the agency personally responsible" in the amount of $401,000. *Id*. at 2. He also seeks an injunction prohibiting Echeveria-Burkes from

---

[1] By Minute Order of April 7, 2022, the court granted the parties' consent motion to consolidate Plaintiff's two pending cases and directed all subsequent filings to be made "only in this lead case: 21-cv-2565-TSC."

discussing his removal with other agencies or potential employers or "stating" that he "not be hired which is equivalent Blacklisting." *Id*.

### B. Administrative Proceedings

On June 26, 2019, Plaintiff initiated proceedings under the Equal Employment Opportunity Act, which EPA designated a "mixed case."[2] Compl. Ex., ECF No. 1-1 at 1. On the day Plaintiff filed this lawsuit, September 30, 2021, EPA issued a Final Agency Decision (FAD) finding no evidence of discrimination or retaliation under federal law. *See id*. at 1-31. The decision informed Plaintiff of his right either to appeal to the Equal Employment Opportunity Commission (EEOC) within 30 days or to file a civil action within 90 days "if no appeal has been filed." *Id*. at 30. It further informed Plaintiff of the option to file a civil action within 90 days after his receipt of the EEOC's final decision or within 180 days from the filing date of the appeal if he received no final decision. *Id*. at 30-31. Finally, Plaintiff was told that pursuant to regulations, the filing of a civil action "shall terminate" the EEOC's processing of the appeal and "the parties are requested to notify the EEOC [about the civil action] in writing." *Id*. at 31.

On October 2, 2021, Plaintiff appealed EPA's decision to EEOC's Office of Federal Operations (OFO). Def.'s Ex., ECF No. 16-3. On January 20, 2022, EPA notified OFO of this civil action purportedly "encompassing the same claims of discrimination that are the subject of the appeal," ECF No. 16-4 at 2. In response,

---

[2] When a federal "employee complains of a personnel action serious enough to appeal to the [Merit Systems Protection Board] and alleges that the action was based on discrimination, [he] is said (by pertinent regulation) to have brought a 'mixed case'" that "may proceed in a variety of ways." *Kloeckner v. Solis*, 568 U.S. 41, 44, 45 (2012) (citing 29 C.F.R. § 1614.302 (2012) (parenthesis in original)).

Plaintiff (1) clarified to OFO that "while the EEO violations are mentioned in his federal case, they are not the basis for his filing of this Federal Civil Case," (2) asked OFO to "please continue reviewing the appeal in this case as the discrimination case against the agency is drastically different from the Federal Case filed for the mistreatment that caused the medical and psychological issues the plaintiff/complainant and his family are now enduring," and (3) requested that the appeal "process of the Agency's FAD continue as normal," ECF No. 16-5 at 2-3.  As of June 24, 2022, Plaintiff's "appeal is still pending[.]"  Def.'s Mem. at 10.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases).  Rule 12(b)(6) permits a party to move for dismissal on the grounds that the complaint has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

A plaintiff's factual allegations need not establish all elements of a prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*,

730 F. Supp. 2d 25, 28-29 (D.D.C. 2010), but they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. In addition, the presumption of truth accorded factual allegations at this stage does not apply to a plaintiff's legal conclusions in the complaint, including those "couched" as factual allegations. *Id.* (quoting *Twombly*, 550 U.S. at 555).

"In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014). Additionally, courts must construe *pro se* filings liberally and should read them collectively. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

### III.  ANALYSIS

Stating a claim under the federal anti-discrimination laws is not onerous. Under Title VII, the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex [or] national origin." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). The essential elements of a retaliation claim are that (i) the plaintiff engaged in statutorily protected activity, (ii) suffered a materially adverse action by his

employer, and (iii) a causal link connects the two. *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009). Nonetheless, an actionable claim must allege facts from which the court can reasonably infer that the defendant is liable for the alleged misconduct.

The allegations comprising the complaint here fail to state a Title VII claim, which is unsurprising given Plaintiff's clarification to OFO about the distinctive nature of his lawsuit. *See supra* at 3-4. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment," *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976), and "the only proper defendant in a civil action under Title VII is 'the head of the department, agency, or unit,'" *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 81–82 (D.D.C. 2009) (citing 42 U.S.C. § 2000e–16(c) (other citations omitted)). Such exclusivity may not "extend to emotional distress based on . . . conduct that Title VII does not redress," *Johnson v. Mao*, 174 F. Supp. 3d 500, 523 (D.D.C. 2016), but the misconduct alleged in Plaintiff's cases is no different from the type of conduct Title VII proscribes. Thus, Plaintiff's personal injury claims and his complaint against EPA employee Echeveria-Burkes are foreclosed by Title VII's comprehensive remedial scheme.[3] *See Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) (the "Title VII remedy declared exclusive for federal employees in *Brown v. GSA* precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation"); *Moore v. Castro*, 192 F. Supp. 3d 18, 35 (D.D.C. 2016),

---

[3] This disposition includes Plaintiff's seemingly freestanding claim of hostile work environment, which is actionable only if shown that "because of" Plaintiff's race or some other protected status under Title VII, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993), the workplace was permeated with "discriminatory intimidation, ridicule, and insult, so sufficiently severe or pervasive as to alter the conditions of" Plaintiff's employment and "create an abusive working environment," *id.* at 21 (internal quotation marks and citations omitted); *see accord Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008).

*aff'd sub nom. Moore v. Carson*, 775 Fed. App'x 2 (D.C. Cir. 2019) ("Because Title VII is the exclusive remedy for federal employment discrimination or retaliation, it is clearly established that aggrieved individuals cannot pursue redress for these harms" against individual defendants) (examining cases)).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED.  A corresponding order will issue separately.


Date:  December 16, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge